```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
RICHARD B. BELL,                   )
                                   ) Civil Action
          Plaintiff                ) No. 07-cv-5440
                                   )
     vs.                           )
                                   )
MICHAEL J. ASTRUE,                 )
  Commissioner of SSA,             )
                                   )
          Defendant                )
```

O R D E R

NOW, this 26th day of March, 2009, upon consideration of the following documents:

1. Decision of Administrative Law Judge Margaret A. Lenzi dated September 26, 2006;

2. Plaintiff's Complaint filed January 4, 2008;

3. Defendant's Answer filed April 28, 2008;

4. Plaintiff's Motion for Summary Judgment filed June 12, 2008;

5. Brief and Statement of Issues in Support of Request for Review, which brief and statement was filed June 12, 2008;

6. Defendant's Response to Request for Review of Plaintiff, which response was filed September 15, 2008;

7. Plaintiff's Brief in Reply to Defendant's Brief in Response to Plaintiff's Request for Review, which plaintiff's brief was filed September 22, 2008;

8. Report and Recommendation of United States Magistrate Judge Jacob P. Hart filed November 24, 2008; and

9. Defendant's Objections to the Magistrate Judge's Report and Recommendation, which objections were filed December 15, 2008;

after a thorough review of the record in this matter; and it appearing after de novo review that Magistrate Judge Hart's Report and Recommendation correctly determined the legal and factual issues presented,

IT IS ORDERED that Magistrate Judge Jacob P. Hart's Report and Recommendation is approved and adopted, as modified concerning fibromyalgia in footnote 2, below.[1]

IT IS FURTHER ORDERED that Defendant's Objections to the Magistrate Judge's Report and Recommendation are overruled.[2]

---

[1] The role of this court on judicial review is to determine whether the Commissioner's decision is supported by substantial evidence. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986); Newhouse v. Heckler, 753 F.2d 283, 285 (3d Cir. 1985). Substantial evidence is relevant evidence viewed objectively as adequate to support a decision. Richardson, 402 U.S. at 401, 91 S.Ct. at 1427, 28 L.Ed.2d at 852; Kangas v. Bowen, 823 F.2d 775 (3d Cir. 1987); Dobrowolsky v. Califano, 606 F.2d 403 (3d Cir. 1979). Moreover, apart from the substantial evidence inquiry, a reviewing court must also ensure that the Administrative Law Judge (ALJ) applied the proper legal standards. Coria v. Heckler, 750 F.2d 245 (3d Cir. 1984).

The extent of review of a Magistrate Judge's Report and Recommendation is committed to the discretion of the district court. Hyer v. Astrue, 121 Soc.Sec.Rep.Service 136 (E.D.Pa. 2007) (Diamond, J.); Jozefick v. Shalala, 854 F.Supp. 342, 347 (M.D.Pa. 1994). However, the district court must review de novo those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(c); Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D.Pa. 1998) (Shapiro, J.). The court "may accept, reject or modify, in whole or in part, the magistrate's findings or recommendations." Brophy v. Halter, 153 F.Supp.2d 667, 669 (E.D.Pa. 2001) (Padova, J.).

[2] Defendant appears to raise two objections to Magistrate Judge Hart's Report and Recommendation ("R&R"): That the ALJ's determinations that plaintiff was not fully credible and not entitled to benefits were supported by substantial evidence, and that this case should not be remanded for further review of the record because the ALJ properly developed the record in this case.

The United States Court of Appeals for the Third Circuit has repeatedly emphasized that the special nature of disability benefits proceedings dictates extra care on the part of the agency in developing an

(Footnote 2 continued):

---

(Continuation of footnote 2):

administrative record and in explicitly weighing all of the evidence. See Fargnoli v. Halter, 247 F.3d 34, 42 (3d Cir. 2001); Dobrowolsky, 606 F.2d at 406-407.  The ALJ "must give some indication of the evidence which [she] rejects and [her] reason(s) for discounting such evidence....In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." Johnson v. Commissioner of Social Security, 529 F.3d 198, 203 (3d Cir. 2008) (quoting Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 121 (3rd Cir. 2000)) (internal punctuation omitted).

  Furthermore, the Third Circuit has stated that unless the ALJ "has analyzed all evidence and has sufficiently explained the weight [she] has given to obviously probative exhibits, to say that [her] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978) (internal punctuation omitted).

  Defendant's first objection merely restates issues raised in Defendant's Response to the Request for Review of Plaintiff.  Moreover, upon review of the R&R, together with de novo review of the entire record in this matter, I conclude that the R&R correctly determines the legal and factual issues raised by defendant's first objection.

  Defendant also objects to Magistrate Judge Hart's recommendation that I remand this case to obtain a report from a reviewing specialist in liver disease.  Specifically, defendant contends that the ALJ was not required to obtain additional medical expert testimony in this case.

  After review of the R&R and record, I conclude that the R&R also correctly determines the legal and factual issues raised by defendant's second objection.  I note that the district court may order that additional medical expert opinions be obtained on remand. See Nguyen v. Chater, 172 F.3d 31, 36 (1st Cir. 1999); Cerar v. Secretary of the Department of Health and Human Services, 1995 U.S.Dist. LEXIS 1244, *10-12 (E.D.Pa. Feburary 1, 1995) (Shapiro, J.).

  Because the ALJ has an obligation to review all of the evidence, Gober, 574 F.2d at 776, the ALJ also erred by failing to consider evidence that the plaintiff may suffer from fibromyalgia, and by not adequately considering the cumulative impact of plaintiff's multiple impairments.

  As the Third Circuit has explained, fibromyalgia is

> a common, but elusive and mysterious, disease, much like chronic fatigue syndrome, with which it shares a number of features....Its cause or causes are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective.  There are no laboratory tests for the presence or severity of fibromyalgia. The principal symptoms are "pain all over," fatigue, disturbed sleep, stiffness, and--the only symptom that discriminates

(Footnote 2 continued):

(Continuation of footnote 2):

>between it and other diseases of a rheumatic character--multiple tender spots, more precisely 18 fixed locations on the body (and the rule of thumb is that the patient must have at least 11 of them to be diagnosed as having fibromyalgia) that when pressed firmly cause the patient to flinch. All these symptoms are easy to fake, although few applicants for disability benefits may yet be aware of the specific locations that if palpated will cause the patient who really has fibromyalgia to flinch.

Post v. Hartford Insurance Company, 501 F.3d 154, 159 n.2 (3d Cir. 2007) (quoting Sarchet v. Chater, 78 F.3d 305, 306-307 (7th Cir. 1996)).

Here, there is evidence in the record that plaintiff has symptoms that are consistent with those of fibromyalgia. Plaintiff testified that he suffers from fatigue and pain in various parts of his body, Record at 341-345, 352-353, 358, and his testimony is corroborated by other evidence in the record. Record at 288, 297, 319. The record also contains evidence that plaintiff experiences insomnia. Record at 288.

Some of plaintiff's treating and examining physicians describe plaintiff's fatigue and body aches. However, there is no medical opinion in the record which addresses plaintiff's functional limitations. R&R at 5. Although many of the doctor's notes reflecting fatigue and body pain are from the time during which plaintiff was taking interferon for his hepatitis, some are not. R&R at 5-6. Most significantly, plaintiff's family practitioner noted pain in plaintiff's back and shins and wrote "fibromyalgia" (in quotes) in his notes after noting plaintiff's various aches and pains. Record at 276.

The ALJ found that plaintiff's impairments do not meet or equal the criteria of any listing. Record at 17. This third step of the five-step sequential evaluation process requires consideration of whether plaintiff "suffers from an impairment or combination of impairments that meets or equals a listed impairment." McCrea v. Commissioner of Social Security, 370 F.3d 357, 360 (3d Cir. 2004) (emphasis added). The ALJ is required to consider the cumulative, combined impact of plaintiff's multiple impairments. Cadillac v. Barnhart, 84 Fed.Appx. 163, 167-168 (3d Cir. 2003); Burnam v. Schweiker, 682 F.2d 456, 458 (3d Cir. 1982). The ALJ's failure to do so here compels the conclusion that the ALJ's decision is not supported by substantial evidence. See Burnam, 682 F.2d at 458.

Accordingly, I approve and adopt Magistrate Judge Hart's Report and Recommendation and overrule defendant's objections to the Report and Recommendation. This matter is remanded to the ALJ to explain her findings regarding the combined effects of plaintiff's multiple impairments, and to more fully develop the record by obtaining expert reports from a reviewing gastroenterologist and hepatologist (specialists in liver disease), as well as a rheumatologist (specialist in fibromyalgia).

<u>IT IS FURTHER ORDERED</u> that plaintiff's request for review is granted in part and denied in part.[3]

<u>IT IS FURTHER ORDERED</u> that plaintiff's request for an award of Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") is denied.

<u>IT IS FURTHER ORDERED</u> that plaintiff's request for a remand is granted.

<u>IT IS FURTHER ORDERED</u> that plaintiff's request for review is remanded in accordance with the fourth sentence of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration to obtain a report from a reviewing gastroenterologist or hepatologist after review of plaintiff's records pertaining to his hepatitis C and cirrhosis of the liver on the date of his hearing, as relevant to his claim for SSI, and on his last date insured for DIB, which was June 30, 2006, and to obtain a report from a rheumatologist, as relevant to his potential claim for SSI and DIB as a result of fibromyalgia.

<u>IT IS FURTHER ORDERED</u> that judgment is granted in favor of plaintiff and against defendant.

---

[3] Pursuant to paragraph 3 of the Procedural Order for Social Security Review, plaintiff is required to file and serve "Plaintiff's Brief and Statement of Issues in Support of Request for Review", which plaintiff did on June 12, 2008. I consider paragraph 1 of plaintiff's Complaint in which he "seeks judicial review pursuant to 42 U.S.C. [§] 405(g) of an adverse decision of the defendant" to be a "Request for Review". "Plaintiff's Motion for Summary Judgment" filed June 12, 2008 is no longer a required or appropriate procedure in an action seeking review of a decision by the Commissioner of Social Security denying plaintiff Social Security disability benefits. Accordingly, I am disregarding it, as did Magistrate Judge Hart in his R&R.

<u>IT IS FURTHER ORDERED</u> that the Clerk of Court shall close this civil action for statistical purposes.

BY THE COURT:


<u>/s/ James Knoll Gardner    </u>
James Knoll Gardner
United States District Judge